# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 20, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| BREEANNA MILLER, | * | |
| *on behalf of A.M., a minor*, | * | |
| | * | |
| Petitioner, | * | No. 18-587V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Dhairya D. Jani,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On June 15, 2021, Breeanna Miller, on behalf of A.M., a minor, ("petitioner"), filed a motion for interim attorneys' fees and costs. Interim Fees Application ("Int. App.") (ECF No. 63). I hereby GRANT petitioner's motion. Petitioner is hereby awarded interim attorneys' fees and costs in the amount of $83,831.70.

### I.   Procedural History

On April 25, 2018, petitioner filed a claim in the National Vaccine Injury Compensation Program.[2]  Petitioner alleged that as a result of A.M. receiving the measles, mumps, rubella and varicella (MMR+V) vaccine on May 27, 2015 and the diphtheria, tetanus, and pertussis ("DTap") vaccine on May 29, 2015, she suffered a Table encephalopathy. Petition (ECF No. 1).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

After a fact hearing held on May 17, 2019, I issued a Ruling on Entitlement, finding that A.M. met the criteria for Vaccine Injury Table ("Table") encephalopathy and was entitled to compensation. *Miller, on behalf of A.M., v. Sec'y of Health & Human Servs.,* No. 18-587, 2019 WL 4054017 (Fed. Cl. Spec. Mstr. Aug. 2, 2019).

On August 20, 2019, I issued a Damages Order. ECF No. 31. Petitioner filed updated medical records on September 19, 2019 and November 4, 2019, in accordance with the damages order. ECF Nos. 33 & 35.

On December 4, 2019, the parties filed a joint status report requesting a status conference. A status conference was held on January 14, 2020 to determine whether a life care planner was necessary for resolving damages in this case. Scheduling Order (ECF No. 38). After filing additional medical records following a neuropsychiatric exam of A.M., petitioner requested that she be allowed to obtain a life care planner. Status Report (ECF No. 44). On October 19, 2020, I granted petitioner's request to obtain a life care planner. Scheduling Order (ECF No. 45).

Petitioner continued to file updated medical records and the parties remain in damages discussions. On June 15, 2021, petitioner filed the present motion, in which she requests interim attorneys' fees of $71,161.16 and $12,670.54 in costs. Int. App. at Exhibit A (ECF No. 63). On June 16, 2021, respondent filed a response to petitioner's motion, stating, "Respondent defers to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." Respondent's ("Resp.") Int. Fees Response (ECF No. 64) at 2. Respondent stated that, "…respondent respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 2. Petitioner filed a reply the same day, stating that, "Petitioner relies on the information provide in her original application and respectfully requests that this Court grant the application for $83,831.70 in interim attorneys' fees and costs. Pet. Reply (ECF No. 65).

## II.   Entitlement on Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In this case, I have found that petitioner is entitled to compensation.

### B. Interim Awards

2

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

Here, entitlement has been found for petitioner and counsel has been involved in this case since the petition was filed in 2018. Additionally, the damages phase in this case has been unexpectedly extended due to the Covid-19 pandemic. Further, petitioner is requesting over $30,000 in attorneys' fees and costs. Based on these factors, I find it appropriate to award interim attorneys' fees and costs at this time.

### III. Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel

3

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 are provided online.[3]

Here, petitioner is requesting that her attorney, Mr. Mark Sadaka, be reimbursed at an hourly rate of $376.38 for work performed in 2017; $396.00 for work performed in 2018; $405.00 for work performed in 2019; $422.00 for work performed in 2020; and $440.00 for work performed in 2021. Int. App. at 2. Additionally, petitioner requests that two paralegals be reimbursed for their work performed on her case for the same period (2017-2021) at the following rates: $145.17 per hour for 2017; $150.55 per hour for 2018; $156.00 per hour for 2019; $163.00 per hour for 2020; and $172.00 per hour for 2021. *Id.*

The hourly rates requested are consistent with the hourly rates Mr. Sadaka and paralegals have been previously reimbursed for in the Vaccine Program and they are consistent with the Forum Hourly Rate Fee Schedules. These rates are reasonable for the work performed on this case and will be awarded without adjustment.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521. Upon review of the invoice submitted with the petitioner's interim fee application, and my knowledge of the proceedings in this case to date, the numbers of hours expended appear to be reasonable and adequately documented. Therefore, they will be awarded without adjustment.

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34.

---

[3] U.S. Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at https://www.uscfc.uscourts.gov/node/2914.

In this case, petitioner requests that her attorney be awarded $12,670.54 in interim attorneys' costs, which include postage, obtaining medical records, travel to the fact hearing and retaining a life care planner. Int. App. Pet. Ex. A at 29. On October 19, 2020, I granted petitioner's request to obtain a life care planner. Scheduling Order (ECF No. 45). Petitioner's interim fees application includes the invoice from Ms. Kirsten Turkington, DNP, APRN, FNP-C, as the life care planner in this case. Int. App. Pet. Ex. B. The invoice provides that Ms. Kirsten Turkington charges $350.00 per hour and is requesting a total of $4,760.00 for her work thus far in this case. *Id.* at 4. As the life care planner was authorized in this case, these costs will be awarded in full.

Additionally, petitioner is requesting reimbursement for Dr. Lauren Parks, for a neuropsychological testing of A.M. *Id.* at 7. Dr. Parks is requesting to be reimbursed at a rate of $275.00 per hour and performed a total amount of 16 hours of work, including testing A.M. and drafting a report. *Id.* at 7. As the neuropsychological exam was recommended by A.M.'s treating physicians and necessary for resolving damages in this case, these costs will be awarded in full.

### IV.   Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

> **A lump sum in the amount of $83,831.70, representing reimbursement for *interim* attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u><br>
Thomas L. Gowen<br>
Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).