# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 19, 2024

```
*  *  *  *  *  *  *  *  *  *  *  *  *
BREEANNA MILLER,                      *
on behalf of A.M., a minor,           *
                                      *
            Petitioner,               *          No. 18-587V
                                      *
v.                                    *          Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *          Final Attorneys' Fees and Costs.
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Mark T. Sadaka,* Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Mallori B. Openchowski,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON FINAL ATTORNEYS' FEES AND COSTS[1]

On February 16, 2024, Breeanna Miller, on behalf of A.M., a minor ("petitioner") filed a motion for final attorneys' fees and costs. Petitioner ("Pet'r") Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 104). For the reasons discussed below, I **GRANT** petitioner's motion and find that a total amount of $70,358.35 is reasonable for final attorneys' fees and costs.

## I.    Procedural History

Petitioner, on behalf of A.M., filed her claim for compensation in the National Vaccine Injury Compensation Program[2] on April 25, 2018. Petition (ECF No. 1). An entitlement hearing

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. This means the opinion will be available to anyone with access to the Internet. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the [opinion]." *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

was held on May 17, 2019 and I issued a Ruling on Entitlement on August 2, 2019.  Ruling on Entitlement (ECF No. 29).  While the case was in damages, petitioner had filed a motion for interim attorneys' fees and costs, which I granted and awarded interim attorneys' fees and costs on July 20, 2021.  The interim attorneys' fees and costs decision includes a more detailed procedural history and is incorporated fully herein.

The parties continued to negotiate damages until respondent filed a proffer on August 1, 2023.  Proffer (ECF No. 98).  I issued a Decision on Proffer, awarding petitioner damages in accordance with the proffer the same day.  Decision on Proffer (ECF No. 99).

On February 16, 2024, petitioner filed this motion for final attorneys' fees and costs, requesting a total of $70,358.35.  Pet'r Fees App. Specifically, petitioner is requesting attorneys' fees totaling $30,591.40 and $39,766.95 in costs.  Fees App. Exhibit A.  Respondent filed a response to petitioner's motion on February 27, 2024, stating that the statutory requirements for an award of attorneys' fee and costs have been met in this case and requests the Court to use its discretion to determine a reasonable award for attorneys' fees and costs.  Respondent ("Resp't") Response (ECF No. 105).  Petitioner filed a reply on February 28, 2024, reiterating her request to award the total amount of attorneys' fees and costs requested.  Pet'r Reply (ECF No. 106).

This matter is now ripe for adjudication.

## II.    Legal Standard for Attorneys' Fees and Costs

The Vaccine Act provides that the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a proffer.  Therefore, she is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1993). A request for attorneys' fees should be supported by contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.,* 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgement, [is] reasonable for the work done." Id. at 1552. The special master may reduce a request *sua sponte*, apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.,* 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### III.   Analysis

#### a.  Attorneys' Fees

Petitioner is requesting that her attorney, Mr. Mark Sadaka be awarded an hourly rate of $444.00 for work performed in 2021; $458.00 for work performed in 2022; and $482.00 for work performed in 2023.  Fees App. at 2.  Additionally, petitioner is requesting that paralegal Ms. Michele Curry be awarded an hourly rate of $172.00 for work performed in 2021; $177.00 for work performed in 2022; and $186.00 for work performed in 2023.  *Id.*  Mr. Sadaka and Ms. Curry have been awarded these hourly rates by myself and other special masters in the program, and therefore, shall be awarded the requested rates in full.  *See Sumrall v. Sec'y of Health & Hum. Servs.,* No. 17-1769V, 2023 WL 3778888 (Fed. Cl. Spec. Mstr. May 25, 2023).

Additionally, I reviewed the billing statement submitted with fee application and find that the overall hours spent on this matter to be reasonable.  The entries are reasonable and accurately describe the work being performed and the length of time each task took to perform.  Further, respondent has not identified any particular entries as being objectionable.  Therefore, petitioner is entitled to final attorneys' fees of $30,591.40.

#### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $39,766.95.  Fees App. at 2; Exhibit B.  The majority of petitioner's attorneys' costs are associated with the work performed by life care planner Kirsten Turkington, DNP.  Fees App. Ex. B at 17.  Ms. Turkington charged $350.00 per hour for 91.1 hours of work, which included interviewing A.M.'s providers, reviewing A.M.'s medical records, and drafting a life care report with tables.[3]  *Id.* at 17-22.  Additionally, petitioner had to retain a lawyer in New Mexico to assist with establishing the trust for A.M. to finalize the damage award for this matter. *Id.* at 13. The total costs for outside counsel were $5,937.04 and are a reimbursable cost.  *See McCulloch v. Sec'y of Health & Hum. Servs.,* 923 F.3d 998 (Fed. Cir. 2019).  Finally, petitioner also retained a neuropsychologist at $275.00 per hour, to evaluate A.M. for the development of the life care plan.  These amounts are sufficiently documented and petitioner  included receipts for these costs.  Further, reimbursement for these costs are routinely awarded in this program and shall be awarded in full.  Accordingly, petitioner is entitled to final attorneys' costs of $39,766.95.

### IV.   Conclusion

In accordance with the above, I find that petitioner is entitled to final attorneys' fees and costs and award the following:

---

[3] It appears that petitioner's life care planner's invoice does include some block billing.  Ex. B at 22.  The Court cautions against such practice in the future.  Billing entries are generally required to adequately describe the work performed.  *See Boerger v. Sec'y of Health & Human Servs.,* No. 18-130V, 2023 WL 2336987, at *3 (Fed. Cl. Spec. Mstr. Mar. 3, 2023); *Harper v. Sec'y of Health & Human Servs.,* No., 2018 WL 6292682, at *2 (Fed. Cl. Spec. Mstr. Nov. 2, 2018).

1) **A lump sum in the amount of $70,358.35, representing final attorneys' fees and costs, in the form of a check payable to petitioner and her attorney, Mr. Mark Sadaka.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

4